## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

### CASE NO.: 17-cv-00318-JED-mjx

(1) CORY M. WALL, an individual, and
(2) KELLI WALL, an individual, on behalf of
themselves and all others similarly situated,

       Plaintiffs,

vs.                                                                                  **CLASS ACTION**

(1) WORKS & LENTZ, INC., an
Oklahoma corporation, doing business as
"Works & Lentz of Tulsa, Inc.,"

       Defendant.

_____/

### COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiffs, Cory M. Wall, an individual, and Kelli Wall, an individual (collectively, the "Walls"), on behalf of themselves and all others similarly situated, sue Defendant, Works & Lentz, Inc., an Oklahoma corporation, doing business as Works & Lentz of Tulsa, Inc. ("W&L" or "Collection Law Firm"), and allege:

### I. PRELIMINARY STATEMENT

1.      This is an action brought pursuant to 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2.      The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

1

### III.  ALLEGATIONS AS TO PARTIES

3.     At all times material hereto, Plaintiffs, Cory M. Wall ("Mr. Wall"), and Kelli

Wall ("Ms. Wall") (collectively, the "Walls"), are *sui juris* and residents of McAlester,

Pittsburgh County, Oklahoma.

4.     At all times material hereto, Defendant, Works & Lentz, Inc., doing business as

Works & Lentz of Tulsa, Inc. ("W&L" or "Collection Law Firm"), was an Oklahoma

corporation doing business in Tulsa County, Oklahoma.

5.     Defendant is or was engaged in the collection of debts from consumers using the

mail and telephone.  Defendant regularly attempted to collect consumer debts alleged to be due

to another in the State of Oklahoma.

### IV.  FACTUAL ALLEGATIONS

#### Overview of Unlawful Conduct of Defendant

6.     W&L and its several individual attorneys filed fraudulent attorney fee affidavits

in consumer debt collection cases in Oklahoma state courts.

7.     As a result, W&L has obtained inflated judgments against Oklahoma residents.

8.     The conduct of W&L violates the FDCPA.

#### Background of Defendant

9.     W&L is a "collection mill."  A "collection mill" is characterized by the use of an

automated document preparation system by non-attorney support staff to process the filings in

collection matters.  Attorneys generally spend little or no time preparing the filings for the

2

collection of the debts. This process allows collection mill law firms to generate and file hundreds and even thousands of lawsuits against consumers with little attorney involvement.

10.    W&L files hundreds if not thousands of debt collection lawsuits every year in Oklahoma, on behalf of different creditors, including medical care providers such as Saint Francis Health Systems, Inc. ("Saint Francis").

### Federal Enforcement Proceeding Against Defendant

11.    The Consumer Financial Protection Bureau ("CFPB") has been extremely active in filing enforcement proceedings against law firm collection mills throughout the country to curtail rampant unfair and deceptive collection practices that harm consumers. *See, In the Matter of Pressler & Pressler, LLP, etc.*, Consumer Financial Protection Bureau Administrative Proceeding File No. 2016-CFPB-0009 [consent order against collection law firm providing for for $2.5 million in restitution in response to the CFPB claim of the filing of "mass-produced" lawsuits against consumers]; *Consumer Financial Protection Bureau v. Frederick J. Hanna & Associates, etc.*, in the United States District Court, Northern District of Georgia, Case No. 1:14-cv-02211-AT [consent order requiring consumer collection firm to pay a penalty of $3.1 million as a result of collection attorneys not being meaningfully involved in the cases filed against consumers].

12.    On January 9, 2017, CFPB entered a consent order ("Consent Order") against W&L and its president, Harry A. Lentz, Jr., in that certain administrative proceeding styled "*In the Matter of Works & Lentz, Inc., etc.*, Administrative Proceeding File No. 2017-CFPB-0003 ("W&L Enforcement Proceeding").

13.    A true and correct copy of the Consent Order in the W&L Enforcement Proceeding is attached hereto and incorporated herein by reference as Exhibit "A."

14.    Pursuant to the Consent Order in the W&L Enforcement Proceeding, the CFPB found that W&L attempted to collect on approximately 700,000 medical debts totaling over $500 million annually under circumstances where there was no meaningful involvement on the part of an attorney in the collection of the debts.

15.    According to the Consent Order, upon receipt of new account from a client, the computer system of W&L automatically sent consumers an initial demand letter on formal letterhead stating, "law offices" and listing the names of multiple attorneys (Consent Order - ¶¶12-21).

16.    Through the Consent Order, CFPB also found that if W&L ultimately decided to file a debt collection lawsuit against a consumer, W&L would send the client an affidavit to sign and notarize, for filing in the lawsuit.  In some cases, prior to June 2016, W&L clients returned signed affidavits with a signature that was not notarized in contravention to the Oklahoma State Notary Law.

17.    Pursuant to the Consent Order, W&L was ordered to pay $577,135.20 in refunds to harmed consumers and $78,800.00 civil fine to the CFPB for the illegal practice.

**Filing of False Attorney Fee Affidavits in Consumer Collection Proceedings**

18.    On August 16, 2016, W&L filed suit on behalf of Saint Francis in District Court in and for Tulsa County, State of Oklahoma in that certain case styled "*Saint Francis Health Systems, Inc. v. Kelli Wall and Cory M. Wall*, Case No. CS-2016-04520" (the "Wall Collection Lawsuit") to collect on an alleged unpaid medical bill ("Wall Medical Bill").

19.    On January 19, 2017, W&L filed a Motion for Summary Judgment ("Wall Motion for Summary Judgment") on behalf of Saint Francis in the Wall Collection Lawsuit.

4

20.    In support of the Wall Motion for Summary Judgment, W&L filed a paper entitled "Affidavit in Support of Attorney Fees," purportedly signed by Attorney Susan Lentz ("Lentz Attorney Fee Affidavit").

21.    A true and correct copy of the Wall Motion for Summary Judgment including the Lentz Attorney Fee Affidavit is attached hereto and incorporated herein by reference as Exhibit "B."

22.    In the Lentz Attorney Fee Affidavit, W&L sought fees using the so-called lodestar method.

23.    Through the Lentz Attorney Fee Affidavit, W&L, through its agent, represented under oath, W&L had spent seven (7.0) attorney hours on the lawsuit.

24.    Through the Lentz Attorney Fee Affidavit, W&L itemized the attorney hours as follows:

| | | |
|---|---|---|
| 12/18/2015 | Received documentation from client; opened file; demand letter sent to Defendants | 2.00 hrs. |
| 06/15/2016 | Verified Suit Criteria | .50 hr. |
| 08/15/2016 | Suit approved – prepared Summons, Petition/ Affidavit of Account | 1.00 hrs. |
| 08/16/2016 | Filed Suit at Courthouse | 1.00 hr. |
| 10/12/2016 | Obtained copy of Answer filed by Defendants | .50 hr. |
| 10/13/2016 | Prepared Motion for Summary Judgment, Brief-in-Support with supporting Affidavits | 2.00 hrs. |
| | TOTAL TIME SPENT | 7.00 hrs. |

5

25.     In the Lentz Attorney Fee Affidavit, W&L claimed the "reasonable worth" of the purported "professional services of W&L should be established at no less than $150.00 per hour which in the aggregate equals $1,050.00."

26.     On March 3, 2017, the Court having jurisdiction of the Wall Collection Lawsuit granted Saint Francis summary judgment and awarded attorney's fees in the amount of Nine Hundred Dollars ($900.00).

27.     W&L did not perform seven (7.0) hours of attorney work in the Wall Collection Lawsuit.

28.     In other debt collection cases filed to collect consumer debts in the state courts of Oklahoma ("Oklahoma State Court Collection Proceedings") which were resolved by summary judgment at or around the time of the Wall Collection Lawsuit, W&L submitted Fee Affidavits using the lodestar method, claiming that W&L had performed significant legal work which was not in fact performed.

29.     In Oklahoma State Court Collection Proceedings, W&L regularly files fraudulent fee affidavits ("Fee Affidavits") which are the same or substantially similar to the Lentz Attorney Fee Affidavit in the Wall Collection Lawsuit.

30.     Attached hereto as Composite Exhibit "C" are representative examples of summary judgment motions with accompanying Fee Affidavits filed in Oklahoma state courts.

31.     The Fee Affidavits do not reflect actual attorney time expended on each case.

32.     W&L spent far less time than the represented attorney time in the Wall Collection Lawsuit and each of the other cases.

33.     As a salient example in the Wall Collection Lawsuit, W&L falsely represented that W&L attorneys spent one (1.0) hour for in the activity described as "Suit approved –

6

prepared Summons, Petition/Affidavit of Account" and one (1.0) hour for the activity described as "Filed Suit at Courthouse."

34.    In each of the Oklahoma State Court Collection Proceedings, the support staff of non-attorneys of W&L prepared such form pleadings and performed other tasks in less time than reflected in the Fee Affidavits.

## V.  PRACTICES OF DEFENDANT

35.    It is or was the practice and policy of W&L to file collection lawsuits in the courts of Oklahoma to collect consumer debts in which W&L would seek to recover attorney's fees that were not in fact incurred and which did not present the actual time spent by members of the Oklahoma Bar on activities described in the affidavits filed in the collection lawsuits.

## VI.  CLASS ACTION ALLEGATIONS

36.    This action is brought on behalf of a class consisting of (i) all persons who were defendants in consumer collection lawsuits filed in the State of Oklahoma (ii) which W&L submitted an attorney fee affidavit (iii) during the one (1) year period prior to the filing of the Complaint in this action.

37.    The class is so numerous that joinder of all members is impractical.  Based on the collection lawsuits filed in the Oklahoma courts, the Walls believe that the number of members of the class exceed one hundred (100) persons.

38.    There are questions of law or fact common to the class, which common issues predominate over any issue involving only individual class members.  Questions include:

      a.    whether an attorney performed the work specified in the Fee Affidavits in the amount of time stated in the affidavit;

      b.    whether the form Fee Affidavits of defendant violated the FDCPA; and

7

c.     whether Defendant was unjustly enriched by the recovery of attorney's fees.

39.     Plaintiffs' claims are typical of those of the class members. All claims were based on the same factual and legal theories. All claims arise from the same form documents in uniform business practice.

40.     Plaintiffs will fairly and adequately represent the class. Plaintiffs are committed to litigating this matter. Plaintiffs have retained counsel experienced in handling class actions in claims involving unlawful business practices.

41.     Neither Plaintiffs nor their counsel have any interest which may cause them not to pursue this claim vigorously.

42.     A class action is superior for the fair and efficient adjudication of the class members' claims. Class members are unaware of the fact that their rights have been violated. Further, Defendant's victims cannot afford counsel and engage in individual litigation against Defendant in the absence of a class action.

43.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(1)     The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(2)     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

44.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

8

## VII.  ALLEGATIONS OF LAW

45.    At all times material hereto, the Walls and the other members of the class were "consumers" as said term is defined under 15 U.S.C. §1692a(3).

46.    At all times material hereto, Saint Francis and the other clients of W&L were each a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

47.    At all times material hereto, the Wall Medical Bill and the other debts being collected by W&L were each a "debt" as said term is defined under 15 U.S.C. §1692a(5).

48.    At all times material hereto, W&L was a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

## COUNT I – ACTION FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACTION, 15 U.S.C. §1692, *ET SEQUI*

49.    This is an action for violation of the Fair Debt Collection Practices Action, 15 U.S.C. §1692, *et sequi*.

50.    The Walls, on behalf of themselves and all others similarly situated, repeat and reallege the allegations contained in paragraphs 1 through 48 as if fully set forth herein.

51.    As a result of the above described acts, W&L has violated the FDCPA in the following respects:

    (a)    by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

9

(b)     by engaging in any false, deceptive or misleading representation or means in connection with the collection of any debt in violation of 15 U.S.C. §1692e;

(c)     by making a false representation of the character, amount or legal status of any debt in contravention of 15 U.S.C. §1692e(2)(A);

(d)     by using any false representation to collect or attempt to collect any debt in contravention of 15 U.S.C. §1692e(10);

(e)     by using unfair and unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692f; and

(f)     by the collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation), unless such amount is expressly authorized by the agreement creating the debt or permitted by law in contravention of 15 U.S.C. §1692f(1).

52.     As a direct and proximate result of the conduct of W&L, Plaintiffs and the class are entitled to an award of actual and statutory damages pursuant to 15 U.S.C. §1692k.

53.     Plaintiffs and the class are entitled to an award of costs and attorney's fees pursuant to 15 U.S.C. §1692k.

## COUNT II – ACTION FOR UNJUST ENRICHMENT

54.     This is an action for unjust enrichment brought herein under the pendent jurisdiction of the Court.

55.     The Walls, on behalf of themselves and all others similarly situated, repeat and reallege the allegations contained in paragraphs 1 through 48 as if fully set forth herein.

10

56.    As a direct and proximate result of the above described acts, W&L has been unjustly enriched through the collection of unlawful attorney's fees.

57.    All monies collected by Defendant from Plaintiffs and all other persons similarly should be disgorged as a result of the misconduct of Defendant.

**COUNT III – ACTION FOR MONEY HAD AND RECEIVED**

58.    This is an action for recovery of money had and received.

59.    The Walls, on behalf of themselves and all others similarly situated, repeat and reallege the allegations contained in paragraphs 1 through 48 as if fully set forth herein.

60.    To the extent that W&L has collected money from class members as a result of the above-described wrongful acts, equity and good conscience requires a refund of monies to the members of the Class.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that the Court enter an Order:

A.    Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiffs as Class Representatives, and appointing the undersigned as Class Counsel;

B.    Adjudging that Defendant violated the FDCPA and awarding Plaintiffs and class members actual and statutory damages pursuant to 15 U.S.C. §1692k;

C.    Awarding reasonable attorney's fees and costs incurred in this action pursuant to 15 U.S.C. §1692k;

D.    Awarding actual damages in the amount of the attorney's fees unlawfully assessed and collected by Defendant;

11

E.    Awarding Plaintiffs, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law; and

F.    Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, Cory M. Wall, an individual, and Kelli Wall, an individual, on behalf of themselves and all others similarly situated, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demand a trial by jury of all issues so triable.

Respectfully submitted this 1st day of June, 2017.

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 763-8660
Fax: (954) 763-8607
Email: rwmurphy@lawfirmmurphy.com
*Admitted pro hac vice*

VICTOR R. WANDRES, ESQUIRE
Oklahoma Bar No. 19591
PARAMOUNT LAW
4835 S. Peoria Avenue, Suite 1
Tulsa, Oklahoma 74105
Telephone: (918) 200-9272
Fax: (918) 895-9774
Email: victor@paramount-law.net

COUNSEL FOR PLAINTIFF