# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CORY M. WALL and KELLI WALL, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 17-CV-0318-CVE-JFJ |
| | ) |
| WORKS & LENTZ OF TULSA, INC., | ) |
| | ) |
| Defendant. | ) |

## CORRECTED[1] OPINION AND ORDER

Now before the Court is defendant Works and Lentz of Tulsa, Inc.'s renewed motion to dismiss (Dkt. # 17). Plaintiffs Cory M. Wall and Kelli Wall have filed a response (Dkt. # 25), and defendant has filed a reply (Dkt. # 26).

## I.

This lawsuit arises from defendant's request for attorney fees in a prior state court lawsuit (underlying lawsuit) against plaintiff. On August 16, 2016, Saint Francis Health Systems, Inc. (Saint Francis), by and through defendant, filed suit against plaintiffs in the District Court of Tulsa County, State of Oklahoma, seeking to collect a medical debt. Dkt. # 13, at 5.

On January 19, 2017, Saint Francis filed a motion for summary judgment. Dkt. # 13-2. In it, Saint Francis requested attorney fees. In support of this request, Saint Francis attached an affidavit of Susan E. Lentz (Lentz affidavit), one of defendant's attorneys representing Saint Francis, and an itemization of the attorney fees sought. Dkt. # 13-2, at 5-8. The Lentz affidavit stated, "[t]he reasonable worth of [defendant's] professional services should be established at no less than $150.00

---

[1] Corrected typographical error on page 14, final paragraph, line 5, to reflect "counts II and III . . . ."

per hour which in the aggregate equals $1,050.00. A fee of $900.00 is requested." Id. at 7. The itemization stated:

> In the course of this representation the firm has expended on behalf of this client the following time:
>
> | | | |
> |---|---|---|
> | 12/18/2015 | Received documentation from client; opened file; demand letter sent to Defendants | 2.00 hrs. |
> | 6/15/2016 | Verified Suit Criteria | .50 hr. |
> | 8/15/2016 | Suit Approved - prepared Summons, Petition/ Affidavit of Account | 1.00 hrs. |
> | 8/16/2016 | Filed Suit at Courthouse | 1.00 hr. |
> | 10/12/2016 | Obtained copy of Answer filed by Defendants | .50 hr. |
> | 10/13/2016 | Prepared Motion for Summary Judgment, Brief-in-Support with supporting Affidavits | <u>2.00 hrs.</u> |
> | | TOTAL TIME SPENT | 7.00 hrs. |

Id.

On February 12, 2017, plaintiffs, proceeding pro se, responded to Saint Francis's motion. Dkt. # 5-2. Plaintiffs alleged that they contacted Saint Francis and defendant numerous times to obtain an itemized bill explaining their debt but were never given this information. Id. at 1-2. In addition, plaintiffs stated that they were, "contesting any and all accusations regarding their account." Id. at 2. Plaintiffs did not specifically challenge Saint Francis's request for attorney fees.

On March 3, 2017, the state court granted Saint Francis's motion for summary judgment, ordering plaintiffs to pay the debt they owed and, in addition, $900 in attorney fees for Saint Francis's "attorneys of record;" that is, defendant. Dkt. # 17-1.

On June 5, 2017, plaintiffs filed a complaint in this Court (Dkt. # 2). In response, defendant filed a motion to dismiss (Dkt. # 5). Plaintiffs filed an amended complaint (Dkt. # 13) on July 19, 2017, and defendant filed a renewed motion to dismiss (Dkt. # 17), which is now before the Court.

In their amended complaint, plaintiffs, on behalf of themselves and a putative class, allege that defendant is a "collection mill:" that is, a law firm that employs non-attorney support staff to operate an automated document preparation system that allows defendant to file thousands of lawsuits every year with little attorney involvement. Dkt. # 13, at 3. Accordingly, plaintiffs contend, the attorney fee affidavits that defendant routinely submits in debt collection litigation–including the Lentz affidavit submitted in the underlying lawsuit–are unlawful, as they falsely represent or imply that the persons who performed the itemized activities were attorneys. Id. at 6.[2] To support this allegation, plaintiffs attach to the amended complaint a January 9, 2017, consent order that the Consumer Financial Protection Bureau (CFPB) entered against defendant. In the Matter of Works & Lentz, Inc., et al., CFPB, No. 2017-CFPB-0003 (Jan. 9, 2017). Dkt. # 13-1. In the consent order, the CFPB found, inter alia, that (1) defendant attempted to collect approximately 700,000 debts totaling over $500 million annually; (2) upon receiving a new account from a client, defendant's computer system automatically sends the consumer whose debt is the subject of the account an initial demand letter; and (3) since 2012, in many instances, no attorney reviews the consumer account before defendant sends the initial demand letter. Id. at 6. According to plaintiffs, the CFPB's findings suggest that defendant has represented, in the underlying lawsuit and others like it, that attorneys have performed certain tasks, including "received documentation from client; opened file;

---

[2] Attached to plaintiffs' amended complaint are numerous summary judgment motions, which defendant submitted in prior Oklahoma debt collection lawsuits, that contain attorney fees affidavits that are the same as or substantially similar to the Lentz affidavit. Dkt. #13-3.

3

demand letter sent to Defendants," when, in fact, attorneys have not performed this work. Dkt. # 25, at 5.[3]

With respect to allegations of law, count I of plaintiffs' amended complaint alleges that defendant's conduct violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., in the following seven respects:

> (a) by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d;
>
> (b) by engaging in any false, deceptive or misleading representation or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;
>
> (c) by making a false representation of the character, amount or legal status of any debt in contravention of 15 U.S.C. § 1692e(2)(A);
>
> (d) by using any false representation to collect or attempt to collect any debt in contravention of 15 U.S.C. § 1692e(10);
>
> (e) by using any business, company or organization name other than the true name of the debt collector's business, company or organization in contravention of 15 U.S.C. § 1692(e)(14);
>
> (f) by using unfair and unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f; and
>
> (g) by the collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation), unless such amount is expressly authorized by the agreement creating the debt or permitted by law in contravention of 15 U.S.C. § 1692f(1).

Id. at 11.

---

[3] A line item billing for "received documentation from client; opened file; demand letter sent to Defendants," appears in all the attorney fee affidavits in defendant's prior Oklahoma collection suits attached to the amended complaint. Dkt. # 13-3.

In count II of their amended complaint, plaintiffs allege a common law claim for unjust enrichment, asserting that defendant has been unjustly enriched through the collection of unlawful attorney fees. Id. at 12. In count III of their amended complaint, plaintiffs allege a common law claim for money had and received, asserting that equity and good conscience requires a refund of monies defendant has received through the collection of unlawful attorney fees. Id.

Defendant moves to dismiss the amended complaint based on, inter alia, common law claim preclusion and/or failure to state a claim.

## II.

Pursuant to Federal Rule of Civil Procedure 8(c), defendant argues as an affirmative defense that plaintiffs' FDCPA claim, except for the part of that claim that defendant violated 15 U.S.C. § 1692(e)(14) by failing to use its true name, should be dismissed under the doctrine of claim preclusion. Dkt. # 17, at 12-15.[4]

"'The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute, 28 U.S.C. § 1738, which 'directs a federal court to refer to the preclusion law of the State in which judgment was rendered.'" Sierra Club v. Two Elk Generation Partners, Ltd. P'ship, 646 F.3d 1258, 1264 (10th Cir. 2011) (quoting Brady v. UBS Fin. Servs., Inc., 538 F.3d 1319, 1327 (10th Cir. 2008)). "The principle of claim preclusion (earlier known as res judicata) teaches that a judgment in an action bars the parties (or their privies) from

---

[4] Alternatively, defendant argues that plaintiffs' FDCPA claim should be dismissed through a combination of the doctrine of issue preclusion, the Rooker-Feldman doctrine, and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Id. at 15-34. The Court need not, however, reach defendant's alternative theories for plaintiffs' FDCPA claim other than their "true name" and "harass, oppress, or abuse" parts of the claim under § § 1692(e)(14) and 1692(d), which the Court addresses under Rule 12(b)(6) in part III of this opinion.

5

relitigating <u>not only</u> the adjudicated claim, but also any theories or issues that were actually decided <u>together with those which could have been decided in that action</u>." <u>McDaneld v. Lynn Hickey Dodge, Inc.</u>, 1999 OK 30, ¶ 7, 979 P.2d 252, 256-57 (collecting cases). For claim preclusion to be "properly applied the party against whom it is interposed . . . must have had a full and fair opportunity to litigate the claim or critical issue." <u>Feightner v. Bank of Oklahoma, N.A.</u>, 2003 OK 20, ¶ 12, 65 P.3d 624, 629 (citing <u>State ex rel. Moshe Tal v. City of Oklahoma City</u>, 2002 OK 97, ¶ 20, 61 P.3d 234, 245).

Defendant argues that the doctrine of claim preclusion prevents plaintiffs from challenging any issues associated with the state court's award of attorney fees in the underlying lawsuit because plaintiffs could have brought such challenges in their response to Saint Francis's motion for summary judgment but chose not to. Dkt. # 17, at 13-15. Now, defendant contends, plaintiffs are seeking to relitigate the propriety of defendant's attorney fee affidavit in this Court, and they should not be allowed to do so, as relitigation of this issue would undermine the judgment of the state court. Dkt. # 17, at 15 (quoting <u>Copeman v. Ballard</u>, 214 Fed. App'x 739, 741 (10th Cir. 2007)).[5]

In response, plaintiffs argue, citing no law, "[i]f law of the jurisdiction which the prior action was decided (usually a state court) would hold the consumer's FDCPA claim to be a compulsory counterclaim to a debt collection suit, the second court may bar the later FDCPA claim. Further, virtually all the courts that have considered the issue have found that most FDCPA claims were not compulsory counterclaims in the prior debt collection lawsuit." Dkt. # 25, at 8-9. In addition, plaintiffs argue that claim preclusion does not apply because defendant was neither a party to the

---

5   This and other cited unpublished decisions are not precedential, but may be cited for their persuasive value. <u>See</u> Fed. R. App. P. 32.1; 10th Cir. R. 32. 1.

underlying lawsuit nor a privy of Saint Francis in that lawsuit, as defendant was not a "successor in interest or assignee of Saint Francis." Id. at 9 (quoting St. Louis Baptist Temple, Inc. v. Fed Deposit Ins. Corp., 605 F.2d 1169, 1175 (10th Cir. 1979) ("privy denotes . . . successive relationship to the same right of property, so that a privy is one who, after the commencement of the action, has acquired an interest in the [property] affected by the judgment through or under one of the parties, as by inheritance, succession, purchase, or assignment.")).

Defendant replies that Oklahoma's claim preclusion doctrine does not require a claim to have been a compulsory counterclaim in a prior action for it to be barred; instead, according to defendant, Oklahoma's doctrine of claim preclusion bars any "theories" or "issues" that were actually decided or "could have been decided" in a prior action. Dkt. # 26, at 3 (citing State ex rel. Oklahoma Bar Ass'n v. Giger, 2004 OK 43, ¶ 12, 93 P.3d 32, 38; Panama Processes, S.A. v. Cities Serv. Co., 1990 OK 66, 796 P.2d 276, 291). In addition, defendant argues that defendant was a privy to Saint Francis in the underlying lawsuit because, "the lawyer is the client's agent," and "it is well-settled that a principal-agent relationship satisfies the principles of res judicata where the claims alleged are within the scope of the agency relationship . . . ." Id. at 4 (quoting State ex rel. Oklahoma Bar Ass'n v. Taylor, 2000 OK 35, n.39; Frazier v. Matrix Acquisitions, LLC, 873 F. Supp. 2d 897, 902 (N.D. Ohio 2012)). Moreover, defendant contends, with respect to "the existence of privity" under Oklahoma law, "there are no hard and fast rules; [it] . . . depends on the circumstances and requires a person so identified in interest with another that he represents the same legal right." Id. (quoting Doyle v. Smith, 2009 OK CIV APP 5, ¶ 47, 202 P.3d 856, 866). Finally, defendant argues, "plaintiffs' cited authority for their argument regarding privity is a case from the Tenth Circuit which does not apply or consider Oklahoma law," and is therefore inapplicable. Dkt. # 26, at 4 n.3.

7

Oklahoma's doctrine of claim preclusion bars plaintiffs' FDCPA claim relating to the propriety of the Lentz Affidavit (that is, all parts of plaintiffs' FDCPA claim except that defendant's failure to use its true name violated 15 U.S.C. § 1692e(14)). Under Oklahoma law, defendant and Saint Francis were in privity in the underlying lawsuit: defendant was acting as Saint Francis's agent and the two parties were unquestionably identified in interest. In addition, the propriety of the Lentz affidavit is an issue that could have been raised and decided in the underlying lawsuit; plaintiffs had the opportunity to challenge the affidavit in their response to Saint Francis's motion for summary judgment, but they opted not to do so. The Court finds, therefore, that Oklahoma's doctrine of claim preclusion bars all of plaintiffs' FDCPA claim–as currently plead– that challenges the propriety of the Lentz affidavit (that is, to reiterate, all parts of plaintiffs' FDCPA claim except for the 'true name' claim under § 1692(e)(14)). Defendant's renewed motion to dismiss is thus **granted** with respect to count I, and this claim is **dismissed without prejudice** (except for the portion of plaintiffs' claim under § 1692d, which, in addition to plaintiffs' claim under § 1692e(14), will be dismissed with prejudice as discussed in Part III of this opinion).[6]

---

[6] The Court notes that neither party has addressed a critical element of Oklahoma's claim preclusion doctrine–that is, whether plaintiffs had a "full and fair opportunity" in the underlying lawsuit to litigate the propriety of the Lentz affidavit. This element is especially significant in this case, given the facts that: (1) plaintiffs were proceeding pro se; (2) the CFPB consent order was issued on January 9, 2017; (3) Saint Francis filed its motion for summary judgment in the underlying lawsuit on January 19, 2017; and (4) the record indicates that neither Saint Francis nor defendant apprised plaintiffs or the state court of the CFPB consent order before the state court entered its judgment on March 3, 2017. Accordingly, plaintiffs may file a second amended complaint, within 14 days of this order, attempting to state their claim under the FDCPA insofar as the claim is not dismissed with prejudice (see Part III, infra).

**III.**

Under Federal Rule of Civil Procedure Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

**i.**

Defendant argues, pursuant to Rule 12(b)(6), that plaintiffs fail to state a claim under 15 U.S.C. § 1692e(14). Section 1692e(14) prohibits a debt collector from using "any business . . . name

9

other than the true name of [its] business . . . ." 15 U.S.C. § 1692e(14). Plaintiffs allege that defendant violated this statute because it used the name "Works and Lentz, Inc." in the underlying lawsuit, but then, in this case, filed a notice of party name correction (Dkt. # 10), wherein defendant stated that the proper party defendant is "Works & Lentz of Tulsa, Inc." Dkt. # 25, at 13-15.[7] Plaintiffs argue, again citing no authority, that "[s]tate law is generally the source for determining the true name of a debt collection business." Dkt. # 25, at 13. In turn, plaintiffs point out, Okla. Stat. tit. 18, § 1140 "requires that every business doing business under any name other than its legal name shall register with the Oklahoma Secretary of State and that such name be 'distinguishable' from names of other business entities." Dkt. # 25, at 13. Thus, plaintiffs conclude, because the name Works & Lentz of Tulsa, Inc. is not registered with the Oklahoma Secretary of State–and could not be, as it is not distinguishable from the name Works & Lentz, Inc.–defendant failed to use its true name in the underlying lawsuit in violation of § 1692(e)(14). Id. In addition, plaintiffs argue, the Court should find that defendant violated § 1692(e)(14) regardless of whether defendant's use of the name Works & Lentz, Inc. prejudiced plaintiffs because the "FDCPA does not require prejudice." Dkt. # 25, at 14-15 (citing 15 U.S.C. § 1692k; Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 n.7 (3d Cir. 2011)).

In response, defendant argues that, even "[a]ssuming arguendo, defendant did fail to use its state-registered name, the failure to use that name alone is not enough to give rise to a violation of the FDCPA for failure to use its 'true name.'" Dkt. # 26, at 9. According to defendant, § 1692(e),

---

[7] In its notice of party name correction, defendant explained that "Works & Lentz maintains offices in Tulsa and Oklahoma City, each of which is a separate legal entity," and that, "although Works & Lentz of Tulsa, Inc. does business under Works & Lentz, Inc., the latter is the legal entity that does business in Oklahoma City, Oklahoma." Dkt. # 10, at 1-2.

of which § 1692e(14) is a subsection, prohibits false, deceptive, or misleading practices, and "while the Tenth Circuit has never expressly adopted a standard as to what constitutes a violation of § 1692(e), it has previously relied upon the 'least sophisticated consumer test,'" which measures "'how the least sophisticated consumer would interpret the notice received from the debt collector.'" Dkt. # 17, at 21-22 (quoting Ferree v. Marianos, 129 F.3d 130, 130 (10th Cir. 1997) (unpublished)). Under this test, defendant concludes, plaintiffs' amended complaint fails to state a claim under § 1692e(14) because it fails to plausibly allege that defendant identifying itself as Works & Lentz, Inc.–as opposed to Works & Lentz of Tulsa, Inc.– deceived or misled plaintiffs. Id. at 24-25 (citing Scribner v. Works & Lentz, Inc., 2015 WL 1298645, at *6 (N.D. Okla. Mar. 23, 2015), aff'd, 655 F. App'x (10th Cir. 2016) ("false but non-material representations are not likely to mislead the least sophisticated consumer and are therefore not actionable under § 1692(e)))."

The Court agrees with defendant; plaintiffs' amended complaint fails to plausibly allege that defendant's use of the name Work & Lentz, Inc., instead of Work & Lentz of Tulsa, Inc., violated § 1692e(14). This representation would not mislead or deceive even the least sophisticated consumer. Additionally, plaintiffs have pointed to no authority suggesting that this type of representation, which was incorrect but ultimately immaterial and easily correctable, is actionable under § 1692e(14). Accordingly, defendant's renewed motion to dismiss (Dkt. # 17) is **granted** as to plaintiffs' FDCPA claim under § 1692e(14). In addition, this portion of the claim is **dismissed with prejudice** because any amendments plaintiffs might propose would be futile; defendant's use of a nearly identical business alias is simply not the type of deceptive or misleading conduct that § 1692e(14) prohibits. Farrow v. Confer, 202 F.3d 281 (10th Cir. 1999) (unpublished) ("[a] complaint

11

may be dismissed with prejudice if allowing further amendments would be futile." (citing Grossman v. Williams, 120 F.3d 1112, 1126 (10th Cir. 1997))).

### ii.

Defendant argues, pursuant to Rule 12(b)(6), that plaintiffs' amended complaint fails to state a claim under 15 U.S.C. § 1692(d). Section 1692(d) is designed to prohibit a debt collector from engaging in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," and proscribes behaviors such as "the use of violence," "the use of obscene . . . language," and "[c]ausing a telephone to ring . . . continuously . . . ." 15 U.S.C. § 1692(d)(1)-(2), (5). As defendant point out, plaintiffs' amended complaint alleges no facts suggesting that defendant engaged in harassing, oppressive, or abusive behavior. Dkt. # 17, at 27-28. Rather, the facts alleged in plaintiffs' amended complaint relate exclusively to the alleged impropriety of the Lentz affidavit. Moreover, in their response to defendant's renewed motion to dismiss, plaintiffs do not respond to defendant's argument that their amended complaint fails to state a claim under § 1692(d).

Accordingly, because plaintiffs fail to allege any facts suggesting that defendant oppressed, abused, or harassed them, defendant's renewed motion to dismiss is **granted** with respect to plaintiffs' FDCPA claim under § 1692(d). In addition, this portion of the FDCPA claim is **dismissed with prejudice** because amendment would be futile; plaintiffs' factual allegations have nothing whatever to do with harassing, oppressive, or abusive conduct.

### IV.

Defendant argues that plaintiffs' common law claims for unjust enrichment and money had and received must be dismissed, since both are equitable claims and plaintiffs have not pled

12

sufficient facts to invoke the Court's equity jurisdiction. Dkt. # 17 at 29-30. As defendant points out, "one of the general principles of equity jurisdiction requir[es], for invocation of such jurisdiction, a showing that no adequate statutory or legal remedy is available." Id. at 30 (quoting Billingsley v. North, 1956 OK 153, 298 P.2d 418, 422; Quarles v. Little River Energy Co., 2008 WL 185715, at *2 (N.D. Okla. Jan. 18, 2008) ("[w]here the plaintiff has an adequate remedy at law, the court will not ordinarily exercise its equitable jurisdiction . . . ."). And here, defendant contends, plaintiffs have not met their burden of showing that no statutory or legal remedy is available to them. For example, defendant asserts, even if plaintiffs' FDCPA claim is dismissed, they may pursue a claim under Okla. Stat. tit. 12, § 1031(4), which permits an Oklahoma district court to vacate a judgment, "[f]or fraud, practiced by the successful party, in obtaining a judgment or order." Id. at 31.

In response, plaintiffs argue that they have properly invoked the Court's equity jurisdiction because (1) defendant has argued that they "are not entitled to any remedy under the FDCPA;" and (2) moving the state court to vacate the judgment under Okla. Stat. tit. 12, § 1031(4) would not "provide . . . any remedy," and "would very likely lead to increased attorney fees." Dkt. # 25, at 15-16.

Plaintiffs' common law claims for unjust enrichment and money had and received are equitable claims, and plaintiffs have not properly invoked the Court's equity jurisdiction. Plaintiffs may file a second amended complaint asserting an FDCPA claim insofar as it is not dismissed with prejudice herein. Plaintiffs' surviving FDCPA claim would be an adequate legal remedy for the wrongs plaintiffs allege, and the Court, therefore, declines to exercise its equity jurisdiction.[8]

---

[8] Because plaintiffs' remaining FDCPA claim would be an adequate legal remedy, the Court need not determine whether Okla. Stat. tit. 12, § 1031(4) is also an adequate legal remedy.

Accordingly, defendant's renewed motion to dismiss is **granted** with respect to plaintiffs' claims for unjust enrichment and money had an received, and these claims are **dismissed without prejudice**.[9]

**IT IS THEREFORE ORDERED** that defendant's renewed motion (Dkt. # 17) to dismiss plaintiffs' amended complaint (Dkt. # 13) is **granted**.

**IT IS THEREFORE FURTHER ORDERED** that plaintiffs' FDCPA claim based on 15 U.S.C. § § 1692d and 1692e(14) is **dismissed with prejudice,** and plaintiffs' claims for unjust enrichment, money had and received, and the FDCPA claim based on 15 U.S.C. § § 1692e; 1692e(2)(A); 1692e(10); 1692(f); and 1692f(1) are **dismissed without prejudice**. To be clear, count I is dismissed, partially with and partially without prejudice; counts II and III are dismissed without prejudice. Plaintiff may file a second amended complaint, within 14 days of this order, or by **October 31, 2017**, asserting its FDCPA claim insofar as it is dismissed herein without prejudice, if plaintiff can do so in compliance with Twombly, Iqbal, and Federal Rule of Civil Procedure 11.

**DATED** this 18th day of October, 2017.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[9] Plaintiffs should not, however, reallege these claims, or any other equitable claims, unless and until they can demonstrate that no adequate statutory or legal remedy is available to them.